Val Blatz Brewing Company, Appellant, v. Tom Young, Appellee.

## Gen. No. 14,401.

Practice—*when theory of recovery cannot be changed.* If a plaintiff has specially pleaded in the trial court and has relied upon an express promise as the basis of recovery, it is too late for him to change his theory of recovery in the Appellate Court to a claim predicated upon another and different implied promise provable under the common counts.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. William H. McSurely, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed April 12, 1909.

**Statement by the Court.** This is an appeal from a judgment in a suit in assumpsit by appellant against appellee. The declaration consists of a special count and the common counts. In the special count it is averred, in substance, that the plaintiff is a Wisconsin corporation, engaged in the manufacture and sale, at wholesale, of beer and other malt liquors, and the defendant kept a saloon or dram-shop at 317 Illinois street, in the city of Chicago, in Cook county, and was engaged in selling beer at retail, and, November 15, 1905, in consideration that plaintiff would make, or cause to be made, certain alterations or improvements, to wit, building an addition ten by eighteen feet, straightening up building, repairing and removing studding, sheathing and siding on the side of the building, putting in water closet and sheathing entire inside of building, putting on new threshold, chair-rail and wainscotting, and repairing lock, flooring water closet, putting in urinal and sink, all said improvements to be made on the aforesaid premises, defendant promised plaintiff that he, defendant, would purchase from plaintiff at plaintiff's market price, all beer that he, defendant, might use, sell, or give away, on said premises, for one year from the day and year aforesaid, and further promised that, if any time during said year he, defendant, should not purchase from plaintiff all the beer which defendant should use, sell or give away on said premises, then defendant would reimburse plaintiff for its expenses in making said alterations. Defendant made said alterations or improvements, and incurred and paid for the same, to wit, $500, and defendant used the same, but, to wit, March 4, 1906, ceased and refused to purchase from plaintiff all beer that he used, sold, or gave away on said premises, although plaintiff was, at all times, ready to furnish the same, and defendant continued to use, sell and give away other beer on said premises, and, although often requested, has continually refused to pay for said alterations, to plaintiff's damage, etc.

The defendant pleaded the general issue and a special plea, averring, in substance, that each and every one of the promises in the declaration mentioned, was an agreement not to be performed within one year from the time of the making thereof, to wit, November 15, 1905, and that there was no memorandum or note thereof in writing signed by defendant, or by any person thereunto lawfully authorized, in accordance with the statute, etc. The jury found the issues for the defendant. The plaintiff moved for judgment on the special findings of the jury, for a new trial and in arrest of judgment, which motions the court overruled and rendered judgment on the verdict.

WINSTON, PAYNE, STRAWN & SHAW, for appellant.

HENRY M. SELIGMAN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Plaintiff's counsel contend that the verdict is against the preponderance of the evidence.

It appears from a lease put in evidence by the plaintiff that June 1, 1905, plaintiff leased to defendant, from said date till January 31, 1906, the store and basement of a two-story frame building known as 317 Illinois street, to be occupied as a saloon, and for no other purpose whatever. The rental reserved is $90, payable in advance, on the first day of each month of the term, with a rebate of $45 for each month subsequent to June, 1905, provided the lessee shall purchase from the lessor all beer sold on the premises, for cash on delivery, at the market·price per barrel, the lessor being willing to sell the same. The lease contains a covenant that the lessee shall keep the premises in good repair, and in a clean and healthy condition. It also contains the following: "It is further agreed between both parties hereto, that the Val Blatz Brewing Co. may, at any time, cancel and terminate this lease, by

giving said 2nd party a thirty day notice, in writing, of the intention to cancel and terminate this lease''.

No other lease was put in evidence, although there is evidence tending to prove that defendant remained in possession of the demised premises after the expiration of the term created by the lease of June 1, 1905, and under another lease.

Henry Mayer, plaintiff's manager, testified that defendant requested to have the improvements in question made, and witness had a contract drawn up, which, if defendant had signed it, would have bound him to take plaintiff's beer for three years, but defendant refused to sign it, and said he had always done business with plaintiff, and would continue to do so, if the beer would prove satisfactory, and that he, defendant, supposed they would have no trouble about it, and witness said he would go on with the improvements, but defendant was to handle plaintiff's beer for at least a year, and witness said to the bookkeeper, ''If Mr. Young agreed to handle our beer for a year, go ahead, and he, the bookkeeper, said Mr. Young was satisfied, and gave him an order for the work.''    On cross-examination, witness testified that, after March 15, 1906, he could sell no beer to defendant; that defendant said the license was going to be higher May 1st, and he had to have cheaper beer, and witness says he may have recommended him to the Bartholomae & Roesing Brewery, but does not know for sure.

Louis W. Torpe, plaintiff's bookkeeper, testified that he was present at a conversation in November, 1905, when Mr. Mayer said to defendant, ''If you don't want to sign this agreement, you will have to agree to purchase the beer for at least one year'', and defendant said, ''Why, I will take it for a year or more; I have no grievance against the company, and I am willing to continue your beer as before''.    Witness was then questioned and answered as follows:

''Q.    Did Mr. Young, himself, mention anything; did he say that he would take it for a year?

A. No, Mr. Mayer mentioned that he would take it for a year".

On cross-examination, witness testified that defendant said he would not sign anything; also that there was nothing said as to when the year was to commence; that his, witness', mind was pretty clear on that. Witness, on re-direct, testified that Young said he would pay back the amount expended, if he didn't handle plaintiff's beer for a year.

Thomas Young, defendant, testified, in substance, that he refused to sign any paper agreeing to take plaintiff's beer; that he got a new lease; that he asked to have the improvements made, and Mayer told Torpe to have it done; that he did not tell Mayer, or any one, that he would take plaintiff's beer for a year, and that he never promised to pay for the improvements in case he should not take plaintiff's beer for a year; that all he said was that he was satisfied with the beer. He further testified that he quit taking plaintiff's beer March 15, 1906, because he had to have cheaper beer, as the license was raised from $500 to $1,000 per year, to take effect May 1st.

The following, among other interrogatories, was submitted to the jury and answered as follows:

"Q. Do you find that defendant entered into an agreement with plaintiff to take plaintiff's beer for any period of time?

A. No."

Although there is evidence tending to prove that the defendant remained in the premises after the expiration of the lease of June 1, 1905, and had a second lease, there is no evidence as to when the second lease was executed, or what its contents were, and it is, to say the least, highly improbable that the defendant agreed, in November, 1905, to take plaintiff's beer for a year, when the lease which he had ran no longer than January 31, 1906, and the plaintiff had power, by the express terms of the lease, to cancel it on a month's notice. Another circumstance corroborative of de-

fendant's evidence is his positive refusal to sign an agreement to take plaintiff's beer for any period of time. We are of opinion that the jury were fully warranted by the evidence in finding that the defendant did not agree as plaintiff claims he did, and do not think the finding manifestly against the preponderance of the evidence.

The evidence is that plaintiff made the alterations and improvements mentioned in the special count of the declaration, at an expense of $442.92, and that defendant did not pay for them, and plaintiff's counsel claim that the improvements having been made at defendant's request, the law implies a promise to pay for them, and there may be a recovery under the common counts. The theory on which the cause was tried, and on which it was submitted to the jury, was that there was an agreement between plaintiff and defendant as averred in the special count. This is illustrated by the evidence produced by the plaintiff, and by its instructions given and refused. Not one of these instructions is framed on any other theory than that the defendant contracted as averred in the special count, and failed to perform his part of the contract. It is too late to recede from that theory on this appeal.

In Wetmore v. McDougall, 32 Mich. 276, the plaintiff declared specially and also on the common counts. The court, in its opinion, says: "During the entire trial of the cause, the plaintiff's counsel proceeded upon the theory of recovering upon the special count. And it was not until after the evidence was all in that he abandoned this view, and sought to recover upon the common counts. The jury found in favor of the plaintiff, for the full amount paid by him, with interest thereon. The court charged the jury that the plaintiff could not recover upon the special count, but under the charge permitted him to recover upon the common counts. We think the plaintiff was not entitled to abandon the special, and seek to recover upon the common counts. The two positions were inconsistent".

The present case is stronger for the defendant than was the case cited for the defendant in that case, because in the present case, it was not sought on the trial to recede from the theory that recovery was sought solely on the special count.

The court gave to the jury, at defendant's request, this instruction:

"The court instructs the jury that if they believe, from the evidence, that the agreement in question was not to be performed within the space of one year from the time of the making thereof, and that the same was not and is not in writing, and that there was not and is not any memorandum or note thereof, in writing signed by the defendant, or by any other person by him lawfully authorized to sign the same in his behalf, then the plaintiff cannot recover".

There is a basis for this instruction in the evidence, and the contrary is not contended; but plaintiff's counsel object that it does not appear from the evidence what agreement is referred to by the instruction, that it may refer to the plaintiff's agreement to make repairs, or to defendant's agreement to purchase plaintiff's beer for one year. Only one agreement is averred in the declaration or attempted to be proved by plaintiff, and we do not think the jury could have been misled by the instruction.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*