MARKHAM and others, Appellants, v. AMERICAN MOTORS CORPORATION and another, Respondents.

*February 5—March 3, 1964.*

For the appellants there was a brief by *Brach, Wheeler & Hoffman* of Racine, and oral argument by *Fred W. Wheeler.*

For the respondent American Motors Corporation there was a brief by *La France, Thompson, Greenquist, Evans & Dye,* attorneys, and *Alfred E. La France* and *Adrian P. Schoone* of counsel, all of Racine, and oral argument by *Mr. Alfred E. La France* and *Mr. Schoone.*

For the respondent Local No. 72, U.A.W., A.F.L.-C.I.O. there was a brief by *Zubrensky & Padden,* attorneys, and

*Herbert S. Bratt* of counsel, all of Milwaukee, and oral argument by *Philip L. Padden.*

CURRIE, C. J. The gravamen of the amended complaint is that defendants have denied to plaintiffs seniority rights to which they are entitled. Attached to the amended complaint, as Exhibit 1, is a list of 37 persons, together with their addresses, who comprise the named plaintiffs and the persons alleged to be similarly situated and in whose behalf the action is brought.[1] It is alleged that all 37 are now employees of American Motors at Kenosha and are members of Local 72, and of Local 75 (the union at the Milwaukee American Motors plant).[2] The amended complaint further alleges as follows: That American Motors was formed by the merger of two parent corporations, Nash Automobile Company and Hudson Motor Company (hereinafter "Hudson"); that plaintiffs acquired seniority under prior collective-bargaining contracts entered into by Hudson; that all of the plaintiffs have seniority of eighteen to thirty-five years; that after the merger plaintiffs were employed by the Hudson Motor Division of American Motors at Detroit and some time after January 31, 1955, were transferred from Detroit to Wisconsin; that certain agreements were entered into between American Motors and Local 72 or other locals of the same international union relative to the transfer of the company's employees from the Detroit area to Kenosha and Milwaukee, and copies of four of such agreements are attached as exhibits to the amended complaint as Exhibits 2, 3, 4, and 5; that

---

[1] The word "plaintiffs" will be used hereafter in this opinion to designate these 37 persons and not merely the five named in the body of the complaint.

[2] The complaint fails to explain why any of the plaintiffs should be members of Local 75 when it is alleged all are employed at Kenosha.

these four agreements violate plaintiffs' seniority rights under the present collective-bargaining agreement existing between the parties; that, among other seniority rights, plaintiffs have been denied three weeks of vacation to which they are entitled; that plaintiffs have petitioned Local 72 to enlist the latter's assistance in an effort to secure their seniority rights but to no avail; and that any further attempt to obtain redress through Local 72 would be futile.

As to American Motors' first ground for demurrer, it is significant to note that the amended complaint alleges in effect that American Motors and Local 72, by entering into the four agreements, conspired to deprive plaintiffs of their seniority rights and were guilty of unfair labor practices. Since American Motors is engaged in a business affecting interstate commerce within the meaning of the Labor Management Relations Act of 1947, it is at least arguable that these allegations charge American Motors with conduct which is in violation of sec. 8 of this act (29 USCA, p. 440, sec. 158). Therefore, the circuit court properly concluded that the court lacked jurisdiction over the subject of the action because of federal pre-emption. See *Local 248, U. A., A. & A. I. W. v. Wisconsin E. R. Board* (1960), 11 Wis. (2d) 277, 105 N. W. (2d) 271, certiorari denied (1961), 365 U. S. 878, 81 Sup. Ct. 1028, 6 L. Ed. (2d) 190. However, on the oral argument of this appeal counsel for plaintiffs expressly disclaimed any reliance on any allegations of the complaint which charge defendants with any act of unfair labor practice and stated that plaintiffs rely solely on a cause of action for breach of contract. We accept this disclaimer and consider its effect is to strike from the complaint the allegations which charge defendants with any unfair labor practice apart from breach of contract. As a result any issue of federal pre-emption has been eliminated. Sec. 301 (a) of the Labor Management Relations Act of 1947 (29

USCA, p. 440, sec. 185) [3] which confers on federal district courts jurisdiction over actions for breach of collective-bargaining contracts, does not divest state courts of jurisdiction over such suits. *Dowd Box Co. v. Courtney* (1962), 368 U. S. 502, 82 Sup. Ct. 519, 7 L. Ed. (2d) 483. See also *Clark v. Hein-Werner Corp.* (1959), 8 Wis. (2d) 264, 269, 99 N. W. (2d) 132, 100 N. W. (2d) 317, certiorari denied (1960), 362 U. S. 962, 80 Sup. Ct. 878, 4 L. Ed. (2d) 877.

The circuit court found that there was a defect of parties defendant because of the allegation in the amended complaint that some of plaintiffs are members of Local 75, the collective-bargaining agent at the Milwaukee plant of American Motors. We determine, however, that the failure to have made Local 75 a party defendant does not render the complaint demurrable because of a defect in parties plaintiff. If the amended complaint states a good cause of action for breach of contract with respect to those plaintiffs who are members of Local 72, then there is no defect of parties defendant as to such plaintiffs. The fact that the court may not be able to adjudicate the seniority rights of those plaintiffs who are members of Local 75 and not of Local 72, because of the absence of Local 75 as a party defendant, does not require that the plaintiffs who are members of Local 72 be thrown out of court.

The crucial issue raised by both demurrers is whether the amended complaint states a cause of action for breach of contract. The particular clause in the present labor agree-

---

[3] This section reads:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

ment between Local 72 and American Motors, which plaintiffs allege has been breached, reads:

"The term 'seniority,' shall be defined as that status of the employee based upon the employee's established unbroken length of service with the Company from the date of acquiring seniority with the Company or its predecessors, and is measured by years, months and fractions thereof." [4]

Plaintiffs place great reliance upon the allegation of the amended complaint that all of plaintiffs have length of service from eighteen to thirty-five years with American Motors and its parent organization, Hudson. However, under the above-quoted seniority-definition clause of the present labor contract, an "unbroken length of service" is necessary to establish the seniority status claimed by plaintiffs. If a break occurred between plaintiffs' long prior service with Hudson and their service with American Motors, then plaintiffs are not entitled to have their seniority with American Motors determined on a basis of eighteen to thirty-five years, but only on the basis of their comparatively short period of service with American Motors. The same would be true if a break occurred between plaintiffs' employment with Hudson Motors Division (sometimes referred to as Hudson Special Products Division) of American Motors at Detroit and the transfer to the Kenosha plant.

The agreement between American Motors and Local 72, and the International Union, with which Local 72 is affiliated, dated January 31, 1955, and attached to the amended complaint as Exhibit 2, provides that those employees who were on the *active* payroll of Hudson on October 29, 1954, are on the Kenosha payroll prior to March 15, 1955, and had seniority under a former Hudson contract dated August 9,

---

[4] The date of this present labor agreement is not alleged in the amended complaint, but from other allegations of the complaint it follows by implication that it is subsequent to May 22, 1959.

1950, will not be considered as "new hires" but their seniority will date from their hire at the Kenosha plant, but that as to other individuals hired, their Hudson seniority dates will be controlling.

Local 72 is not a direct party to the agreement dated April 27, 1955, which is attached to the amended complaint as Exhibit 3, but the parties thereto are American Motors, Local 154 (the Detroit local which was the collective-bargaining agent for the Hudson employees), and the International Union with which both Locals 72 and 154 are affiliated. It provided that any persons hired by American Motors in Wisconsin, by reason of any stamping activities transferred from Hudson Special Products Division to Wisconsin by the company, shall enjoy the same seniority rights they had at the plants where Local 154 was the bargaining agent.

Exhibit 4 sets forth two labor agreements dated January 19, 1956. The first of these is between American Motors, Local 72, and the International Union. The second is between American Motors, Local 154, and the International Union. Under the first of these agreements, up to 468 employees, who were affected by the moving of automotive operations from Detroit to Kenosha, were given the opportunity to transfer to Kenosha and to retain seniority rights equivalent to those that they possessed in Detroit, provided they were working in the Hudson Special Products Division as of October 1, 1955, and met the requirements of the January, 1956, agreement, copy of which is Exhibit 3. There was a further condition that these employees, in order to be entitled to retain such seniority, be on the Kenosha seniority list by March 15, 1956. The second agreement (the one to which Local 154 was a party) is merely supplementary to the first agreement. The one material provision therein provided that any of these 468 employees who failed to

signify their desire to transfer to the Kenosha plant by February 6, 1956, or failed to report for work at the Kenosha plant within six calendar days from date of notification, would not be afforded a future opportunity for employment at Kenosha under the terms of the first agreement of January 19, 1956.

Exhibit 5 sets forth still a further agreement, dated May 22, 1959, relating to the transfer of former Hudson employees to the Milwaukee and Kenosha plants. This obviously has reference to such employees who had not transferred under the prior-mentioned agreements, and provided that they would possess no benefits other than those accorded entirely new employees, except for the transfer of credited service under the American Motors' retirement plan and the "National Economic Agreement" of October 17, 1958. Plaintiffs do not allege that they have been denied these transferred credits.

Nowhere in the amended complaint is it alleged when the plaintiffs, or any of them, transferred their employment from Detroit to the Kenosha and Milwaukee plants of American Motors, except the allegation that it was after January 31, 1955. Neither is it alleged that they had an unbroken continuity of employment with Hudson and American Motors. We hold this latter omission to be fatal to plaintiffs' claim that there has been a violation of their seniority rights under the aforequoted definition of seniority contained in the present labor agreement. We construe the claimed violation to be a failure to accord plaintiffs credit for any years of seniority earned while working for Hudson and the Hudson Motor Division of American Motors at Detroit before plaintiffs transferred to Wisconsin. The absence of any allegation of unbroken continuity of employment is fatal to the cause of action which plaintiffs have attempted to plead for breach of contract.

Because the order appealed from grants to plaintiffs the right to plead over, there is a further point of law which we consider it to be advisable to resolve on this appeal. This arises out of the allegations of the amended complaint that the seniority provisions of the agreements set forth in Exhibits 2, 3, 4, and 5 violate their seniority rights. This would be immaterial unless these agreements are to be construed together with the present labor agreement in determining the seniority rights of plaintiffs. For the purpose of resolving this issue we will assume, without deciding, that all of these agreements are to be construed with the present labor agreement in interpreting the seniority provisions of the latter agreement in determining the seniority rights of plaintiffs.

Apparently it is plaintiffs' contention that any seniority acquired by plaintiffs during years of service with Hudson and Hudson Motor Division of American Motors in Michigan, which was recognized in any labor contract made by the same International Union with which Local 72 is affiliated, or with another local of the same International Union, must be recognized in computing plaintiffs' years of seniority under the present labor agreement existing between American Motors and Local 72. That this is not the law was made clear by our decision in *O'Donnell v. Pabst Brewing Co.* (1961), 12 Wis. (2d) 491, 107 N. W. (2d) 484, 90 A. L. R. (2d) 995. In a majority of cases where the courts have had occasion to construe and apply the provision of a labor contract modifying or destroying seniority rights where a change of employer, or status of employer, was affected by a consolidation or merger of companies, most courts have held that such modifications are valid in the absence of fraud, arbitrariness, or capriciousness. Anno. 90 A. L. R. (2d) 1003, 1008.

Seniority rights do not exist at common law but only as a matter of contract. See *O'Donnell v. Pabst Brewing Co., supra,* citing *Colbert v. Brotherhood of Railroad Trainmen* (9th Cir. 1953), 206 Fed. (2d) 9, certiorari denied, 346 U. S. 931, 74 Sup. Ct. 320, 98 L. Ed. 422, rehearing denied (1954), 347 U. S. 924, 74 Sup. Ct. 514, 98 L. Ed. 1078. See also 31 Am. Jur., Labor, p. 473, sec. 107. There is some doubt whether the seniority rights, which were granted employees of Hudson and Hudson Motor Division by prior collective-bargaining contracts, would carry over and be applicable to other plants of American Motors located in another state after the expiration dates of such contracts if no subsequent collective-bargaining agreements were entered into specifically providing what seniority these transferring employees were to have. See *Zdanok v. Glidden Co.* (2d Cir. 1961), 288 Fed. (2d) 99, and criticism of this decision in Aaron, Reflections on the Legal Nature and Enforceability of Seniority Rights, 75 Harvard Law Review (1962), 1532, 1552, 1553. The United States supreme court granted certiorari in the *Zdanok Case* on the narrow issue of whether a retired court of claims judge could act as a member of a circuit court of appeals. *Glidden Co. v. Zdanok* (1961), 368 U. S. 814, 82 Sup. Ct. 56, 7 L. Ed. (2d) 22.[5] In the instant case, however, there were subsequent collective-bargaining contracts entered into which did cover the situation of Hudson and Hudson Motor Division employees who transferred from the Detroit to the Kenosha plant. Therefore, whether there has been a breach of contract with respect to plaintiffs' seniority rights may in part depend on whether

---

[5] Subsequently the United States supreme court affirmed on the narrow issue upon which certiorari had been granted. *Glidden Co. v. Zdanok* (1962), 370 U. S. 530, 82 Sup. Ct. 1459, 8 L. Ed. (2d) 671, rehearing denied (1962), 371 U. S. 854, 83 Sup. Ct. 14, 9 L. Ed. (2d) 93.

such subsequent agreements are to be considered in interpreting the seniority provisions of the present collective-bargaining agreement existing between the two defendants.

*By the Court.*—The order appealed from insofar as it sustained the demurrer of defendant union to the amended complaint and the demurrer of defendant American Motors Corporation to the amended complaint, on the ground it failed to state facts sufficient to constitute a cause of action, is affirmed; the order insofar as it sustained the demurrer of defendant American Motors on other grounds is reversed; and the cause is remanded for further proceedings not inconsistent with this opinion. Both defendants are entitled to tax costs on the appeal.