O'Hare International Bank, as Trustee, *et al.*, Plaintiffs-Appellants, *v.* Sophie Feddeler *et al.*, as Trustees, Defendants-Appellees.

(No. 56867; ▮▮▮▮▮▮▮▮▮)

First District (3rd Division)—August 2, 1973.

*Supplemental opinion filed December 13, 1973, upon denial of rehearing.*

Hamilton Smith and James E. Betke, of McDermott, Will & Emery, of Chicago, for appellants.

John E. Angle and Garrett B. Johnson, of Kirkland & Ellis, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an action for specific performance of a contract to sell real estate brought on behalf of the purchaser. The circuit court of Cook County granted defendants' motion for judgment on the pleadings, denied plaintiffs' motion for a rehearing, and denied plaintiffs' motions to file a second amended complaint and to vacate the previous order denying the motion for a rehearing. On appeal, plaintiffs contend that there is a contract which the court could enforce by granting specific performance, and that the court erred in finding against the plaintiffs on that issue.

We affirm.

In the original complaint, the plaintiff was the American National Bank and Trust Company of Chicago (American National), as Trustee under Trust No. 21404. The complaint alleged that American National, as trustee and buyer, and defendants as seller entered into a written installment contract for the sale of approximately 34 acres of real estate located in Cook County, Illinois. Attached to the complaint was a copy of the contract which was dated September 11, 1968. Paragraphs 1.1 and 1.2 of the contract designated the defendants as the seller and American National, as trustee, as the purchaser. The defendants signed the contract as seller. Donald Conley signed the contract for the purchaser, American National, as trustee. The complaint further alleged that the defendants were in default under certain terms of the contract and that plaintiff was ready, willing and able to perform its obligations under the contract. The prayer for relief requested specific performance of this written contract and for such other and further relief as the court deemed proper.

Defendants filed an answer in which they admitted that they executed a written installment contract with American National, as trustee, which was signed by Donald Conley on September 11, 1968. They further alleged that Donald Conley was never authorized by American National to execute said contract, and that the contract was, therefore, null, void and unenforceable. They further alleged that American National never authorized the filing of the original complaint, and that plaintiff had been in default under the contract. The prayer for relief requested, *inter alia*, that the contract of September 11, 1968, be declared null and void.

In plaintiff's reply, it was admitted that American National, as trustee, did not expressly authorize Donald Conley to execute the contract and that it did not expressly authorize the filing of the original complaint. However, plaintiff asserted that defendants were barred by estoppel and laches from raising Conley's lack of authority as a defense.

Defendants filed a motion for judgment on the pleadings or, in the alternative, a motion to dismiss. In the motion, defendants alleged that Conley lacked authority from American National to execute the contract and that the contract was invalid, void and unenforceable. Shortly thereafter, O'Hare International Bank as Trustee under Trust No. 71L115 was designated as successor trustee to American National. An amended complaint for specific performance was filed with O'Hare International Bank as trustee and Lee Romano, as plaintiffs. Defendants did not file an answer to the amended complaint, thereby electing to let their answer to the original complaint stand as their answer to the amended complaint. Defendants filed a second motion for judgment on the pleadings.

Defendants also filed a Motion to Admit pursuant to Illinois Supreme Court Rule 216 (Ill. Rev. Stat. 1971, ch. 110A, par. 216). In their response to this motion, plaintiffs admitted, *inter alia,* that on September 11, 1968, Donald Conley was neither a director, officer, nor employee of American National. They further admitted prior to the filing of the original complaint that American National was not advised by either Donald Conley, Lee Romano, or Barbara Jean Romano, his wife, of the institution of the action which was commenced by the filing of such complaint.

An examination of the pleadings and exhibits reveals that Conley was the agent of Lee Romano for the purpose of negotiating the purchase of real estate from the defendants. It is plaintiffs' position that on September 11, 1968, when the contract was signed by defendants and Conley, and at all material times prior to that date, the defendants knew that Lee Romano was the actual purchaser of the property in question. However, the contract does not designate Lee Romano as the purchaser and makes no reference to him whatsoever. It is further shown that Conley was not the agent of the American National and that American National never authorized Conley to act in its behalf. The trial court allowed defendants' motion for judgment on the pleadings. In its order, the court specifically found that the contract was void and unenforceable.

■■ During oral argument of the instant case, plaintiffs' counsel waived any argument he had as to the validity of the written contract. We will consider this as amounting to a withdrawal of any contention that the

written contract is enforceable. (*Pilackus v. Pilackus* (1946), 328 Ill.App. 126, 65 N.E.2d 223; *Markham v. American Motors Corp.* (1964), 22 Wis. 2d 680, 126 N.W.2d 753.) In his oral argument counsel further contended that an implied contract for the sale of the real estate in question existed between the defendants and Lee Romano. Counsel's position is untenable. Our examination of the pleadings shows that plaintiffs relied solely on the written contract in their amended complaint, and did not allege an implied contract theory. The trial court decided the case on the basis of the written contract. The only reference to an implied contract is in plaintiffs' motion for a rehearing which was filed after the court granted defendants' motion for judgment on the pleadings. In this motion plaintiffs state in a conclusory fashion that the amended complaint stated a cause of action on the theory of an implied contract.

■■■ Because the implied contract theory is advanced for the first time on appeal and does not appear to have been raised in the pleadings or considered by the court below, it cannot now be considered. (*Baker v. Collins* (1963), 29 Ill.2d 410, 194 N.E.2d 353.) It is well established that a party cannot change the theory of its case on appeal. (*Chicago Title and Trust Co. v. DeLasaux* (1929), 336 Ill. 522, 168 N.E. 640; *Val Blatz Brewing Co. v. Young* (1909), 148 Ill.App. 54.) Plaintiffs' argument about the Statute of Frauds (Ill. Rev. Stat. 1971, ch. 59, par. 2) is inapplicable. Defendants did not raise this affirmative defense (Ill. Rev. Stat. 1971, ch. 110, par. 43(4)) in their answer or in any of their pleadings, and we shall not now consider any argument concerning the Statute of Frauds advanced for the first time on appeal by the plaintiffs.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.

### SUPPLEMENTAL OPINION

Mr. JUSTICE McGLOON delivered the supplemental opinion of the court on denial of Petition for Rehearing:

In their petition for rehearing, plaintiffs make two contentions: (1) that the trial court erred in dismissing their amended complaint, and (2) that the trial court erred in refusing to allow plaintiffs to file a second amended complaint.

Plaintiffs' first contention is that their amended complaint alleged facts sufficient to state a cause of action on a theory of implied contract, and that the trial court erred in dismissing it. We have discussed this point

in our opinion and we stand on our original holding that plaintiffs' amended complaint did not allege and the trial court did not consider an implied contract theory. Therefore, we will not now consider this point.

Addressing their second contention, plaintiffs argue that the trial court's refusal to allow a second amended complaint resulted in a substantial injustice. They argue that the appellate court should relax the rules pertaining to its scope of review.

■■ It is well established that a point not raised or argued in the original brief, but urged for the first time in a petition for rehearing, is considered to be waived. (Ill. Rev. Stat. 1971, ch. 110A, par. 341(e)(7).) A review of plaintiffs-appellants' brief shows that the issue of the propriety of a second amended complaint was not raised, briefed or argued. We are not persuaded to relax this rule. Plaintiffs filed one amendment to their complaint and we find that the trial court did not abuse its discretion in refusing to allow plaintiffs to file a second amended complaint.

Petition denied.

DEMPSEY, P. J., and McNAMARA, J., concur.