Patrick WENNESHIEMER, Ray Rapp, Milton Esser, Bill Winstead, and David Gregory, Plaintiffs,

v.

FORE WAY EXPRESS, INC. and Teamsters "General" Local Union No. 200, Defendants.

No. 84–C–1065.

United States District Court, E.D. Wisconsin.

Jan. 3, 1986.

Milton S. Padway, Padway & Padway, Milwaukee, Wis., for plaintiffs.

Alan E. Seneczko, Krukowski, Chaet, Beck & Loomis, Milwaukee, Wis., for Fore Way Exp.

Scott D. Soldon, Goldberg, Previant, Uelmen, Milwaukee, Wis., for Teamsters Local 200.

## DECISION AND ORDER

WARREN, District Judge.

On July 19, 1984, plaintiffs commenced an action in the Milwaukee County Circuit Court seeking to recover damages resulting from an alleged loss of seniority rights under a collective bargaining agreement. On August 20, 1984, defendants Fore Way Express, Inc. ("Fore Way") and Teamsters "General" Local Union No. 200 ("Local 200") removed this action to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1446 (1982). Presently pending in this matter are plaintiffs' objection to removal and defendants' motions to dismiss.

## BACKGROUND

Plaintiffs are employees of Fore Way and are members of Local 200. Local 200 and Fore Way are parties to a collective bargaining agreement ("The Agreement") which existed when the events pertinent to this action occurred. The Agreement set forth provisions governing, *inter alia*, the Fore Way employees' seniority rights, wages, sick leave and vacation benefits.

In 1980 Fore Way created the "Four Seasons" division to perform its local cartage service. Plaintiffs subsequently transferred to Four Seasons allegedly under the impression that their seniority, wage, sick leave and vacation rights under The Agreement would be unaffected. Plaintiffs allege that these items were altered to their detriment because of their transfer to Four Seasons. In December, 1983, Fore Way informed plaintiffs that it would return them to the Fore Way seniority list and eliminate the Four Seasons seniority list apparently without granting plaintiffs full allowance of their seniority rights accrued since their hiring date.

In paragraph 27 of their Complaint, plaintiffs detail the subsequent events and the corresponding dates as follows:

27. On December 19, 1983 plaintiffs filed a grievance with Teamsters "General" Local Union No. 200 with regard to the proposed denial of their seniority rights, requesting full reinstatement of their seniority by defendant company. Said grievance was heard and the relief

denied on or about January 4, 1984. Plaintiffs were informed that there would be no appeal within the grievance procedure; and that any further grievance with respect to the issue would be futile.

On February 1, 1984, the Four Seasons seniority list was combined with the Fore Way seniority list allegedly without plaintiffs receiving full allowance for their accrued seniority. As stated above, this action was commenced July 19, 1984.

## DISCUSSION

### I. Propriety of the Removal

Defendants removed this action to the United States District Court for the Eastern District of Wisconsin on the ground that this matter arises under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which grants federal district courts jurisdiction to hear "[s]uits for violations of contracts between an employer and a labor organization...." Defendants contend that plaintiffs are seeking redress of rights arising out of a collective bargaining agreement and therefore § 301 of the LMRA preempts any state law.

Plaintiffs respond by asserting that this lawsuit is simply an action brought by employees against their employer for breach of contract. They contend that Local 200 was named as a defendant only because Wis.Stat. § 803.03(1) required it. *See Markham v. American Motors Corp.*, 22 Wis.2d 680, 686, 126 N.W.2d 753, 755–56 (1964). Accordingly, in reliance on *Markham, id.*, plaintiffs argue that Wisconsin possesses exclusive jurisdiction over their cause of action.

In *Markham,* the Wisconsin Supreme Court found, *inter alia,* that § 301 of the LMRA "which confers on federal district courts jurisdiction over actions for breach of collective bargaining contracts, does not divest state courts of jurisdiction over such suits." 22 Wis.2d at 686, 126 N.W.2d at 755. There was no finding that jurisdiction over the dispute in *Markham*

lay exclusively with the Wisconsin state courts. The defendant in *Markham* could have removed that action to the federal district court since all rights and claims arising from a collective bargaining agreement in an industry affecting commerce arise under federal law. *Oglesby v. RCA Corp.*, 752 F.2d 272, 277 (7th Cir.1985); *see Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Ninham v. Nicolet Paper Co.*, 583 F.Supp. 1057 (E.D.Wis. 1984). Likewise, the defendants in the present case were entitled to remove this matter to the federal court. Accordingly, the Court finds that removal of this action to the United States District Court for the Eastern District of Wisconsin was proper.

### II. Defendants' Motion to Dismiss

Defendants move to dismiss this action on the ground that plaintiffs have not commenced this lawsuit within the appropriate limitations period. Defendants' position is that the Complaint essentially alleges a breach by Fore Way of the Agreement and a breach by Local 200 of its duty of fair representation. Such an action, termed a "hybrid § 301/fair representation case," must be commenced within six months after the date on which the adverse employment decision was made. *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Plaintiffs' adverse employment decision, defendants contend, occurred on January 4, 1984, when their grievance was denied and they were informed that there would be no appeal within the grievance procedure. *See* Plaintiffs' Complaint at paragraph 27 (reprinted above). Since plaintiffs did not commence the instant action until July 19, 1984, defendants assert that the aforementioned six-month limitation period requires dismissal of this matter with prejudice.

Plaintiffs counter with two arguments. First, plaintiffs dispute defendants' characterization of this matter as a hybrid § 301/fair representation case. Rather, plaintiffs contend that their Complaint al-

leges a breach of contract claim against Fore Way and that Local 200 is named as a defendant because of Wis.Stat. § 803.03(1) requirements, not because of any alleged wrongdoing by Local 200. Second, plaintiffs argue that even if the Court considers this matter to be a hybrid § 301/fair representation case, their claim is not barred by the six-month statute of limitations. Plaintiffs' position is that their cause of action accrued either on January 25, 1984, when plaintiffs' counsel met with representatives of Fore Way to discuss this lawsuit or on February 1, 1984, when the Four Seasons seniority list was merged with the Fore Way seniority list.

▉ Plaintiffs' first argument that the present action is not a hybrid § 301/fair representation case would, if accepted, require dismissal of this action. Clear Seventh Circuit precedent establishes that a necessary prerequisite for an employee to maintain a suit against an employer pursuant to § 301 of the LMRA is that the employee's union breached its duty of fair representation. *Huffman v. Westinghouse Electric Corp.*, 752 F.2d 1221, 1226 (7th Cir.1985) (employees may not have their grievances reviewed by court absent allegation of union's breach of duty of fair representation); *see also Melendy v. United States Postal Service*, 589 F.2d 256, 260 (7th Cir.1978). This Court just found that removal was proper since jurisdiction over this action arises pursuant to § 301 of the LMRA. Since employees bringing a § 301 action against their employer must allege that their union breached its duty of fair representation, plaintiffs' attempts to distinguish this action on the basis that Local 200 fairly represented them would result in dismissal of this action for failing to state a claim upon which relief can be granted. Consequently, if the Court were to accept plaintiffs' characterization, this case would be dismissed.

▉ Plaintiffs' second argument that the statute of limitations commenced running on either January 25, 1984 or February 1, 1984, rather than on January 4, 1984 is also without merit. It is clear that a hybrid

§ 301/fair representation cause of action commences to run when the employee is unequivocally informed that his grievance will not be processed further. *Dozier v. Trans World Airlines, Inc.*, 760 F.2d 849 (7th Cir.1985) (statute of limitations begins running upon Union's statement to employee that "your grievance will not be processed any further"); *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir.1983) (limitations period begins to run "... when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]." (quoting *Hungerford v. United States*, 307 F.2d 99, 102 (9th Cir.1962)); *Freeman v. Teamsters Local 135*, 746 F.2d 1316, 1319 (7th Cir.1984) (cause of action accrues when grievance committee's decision rendered). The Court hereby finds that plaintiffs' cause of action accrued on January 4, 1984, when, according to plaintiffs' Complaint, their grievance was denied, and they were "informed that there would be no appeal within the grievance procedure; and that any further grievance with respect to the issue would be futile." Since this action was commenced on July 19, 1984, more than six months after the cause of action's accrual, plaintiffs' claim is barred by the running of the statute of limitations. Regardless if the Court views this matter as a breach of contract action or as a hybrid § 301/fair representation case, dismissal is required. Accordingly, the Court hereby GRANTS defendants' motion to dismiss.

### III. Defendants' Request for Rule 11 Sanctions

Defendants contend that plaintiffs' cause of action in this case was frivolous and that they are therefore entitled to recover their reasonable attorney's fees from the plaintiffs and/or their attorney. Rule 11 of the Federal Rules of Civil Procedure provides in part that:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge,

information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

█ Plaintiffs claim that in filing this action originally in the Milwaukee County Circuit Court they were relying on the Wisconsin Supreme Court's holding in *Markham, supra.* The *Markham* decision could be reasonably interpreted to mean that employees can maintain a breach of contract action against their employer in a state court and that the state court's statute of limitations for breach of contract actions would be applicable. The Court cannot find that plaintiffs' filing of this action was derelict to the extent authorizing imposition of Rule 11 sanctions. Accordingly, defendants' request for Rule 11 sanctions is hereby DENIED.